1   MELINDA HAAG (CABN 132612)
    United States Attorney
2   ALEX G. TSE (CABN 152348)
    Chief, Civil Division
3   JENNIFER S WANG (CSBN 233155)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6967
6       FAX: (415) 436-6748
        jennifer.s.wang@usdoj.gov
7
    Attorneys for Federal Defendant
8
9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12
    CAITLIN KELLY HENRY and JESSE        )  Civil Action No. C13-5924 DMR
13  STOUT,                               )
                                         )  **DECLARATION OF  DAVID M. HARDY**
14          Plaintiffs,                  )  **IN SUPPORT OF FEDERAL DEFENDANT'S**
                                         )  **MOTION FOR SUMMARY JUDGMENT**
15      v.                               )
                                         )  Date: January 8, 2015
16  UNITED STATES DEPARTMENT OF          )  Time: 11:00 a.m.
    JUSTICE,                             )  Place: Courtroom 4 - 3rd Floor
17          Defendant.                   )
                                         )  Hon. Donna M. Ryu
18  _____  )

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID M. HARDY
C13-5924 DMR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

|  |  |  |
|---|---|---|
| CAITLIN KELLY HENRY AND JESSE ABRAM STOUT, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 4:13-cv-05924-DMR |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD") in Winchester, Virginia. I have held this

position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"),

from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for

Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA")

policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30,

2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA

matters. I am also an attorney who has been licensed to practice law in the State of Texas since

1980.

(2)     The FBI's mission is to protect and defend the United States against terrorist and

foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to

provide leadership and criminal justice services to federal, state, municipal, and international

agencies and partners.

(3)     In my official capacity as Section Chief of RIDS, I supervise approximately 215 employees who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526, Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(4)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of all three FOIA/Privacy Act requests concerning plaintiffs. First, I am familiar with plaintiff's FOIA/Privacy Act request (FOIPA Request Number 1214586) where plaintiff's counsel, Jesse Abram Stout, requested records on behalf of his client, "Caitlin Kelly Henry." Second, I am aware of plaintiff Jesse Abram Stout's FOIA/Privacy Act request (FOIPA Request Number 1207771-000) seeking access to records on himself. Third, I am familiar with the handling of plaintiff's FOIA/Privacy Act request (FOIPA Request Number 1207771-001) where plaintiff's counsel, Caitlin Kelly Henry, requested records on behalf of her client, "Jesse Abram Stout."

(5)     The purpose of this declaration is to provide the Court and plaintiffs with an explanation of the FBI's record-keeping system and the procedures used to search for records

2

responsive to plaintiffs' three FOIA/Privacy Act requests.

(6)     Set forth below is a chronology and description of the pertinent correspondence concerning plaintiffs' FOIA/Privacy Act requests. Copies of this correspondence are attached hereto as **Exhibits A-M.**

## CORRESPONDENCE HISTORY RELATED TO PLAINTIFFS' FOIA/PRIVACY ACT REQUESTS

*FOIPA REQUEST NUMBER 1214586 (CAITLIN KELLY HENRY)*

(7)     By letter dated April 30, 2013 and emailed on May 1, 2013, Jesse Abram Stout, counsel for Caitlin Kelly Henry, submitted a FOIA/Privacy Act request seeking access to records on Caitlin Kelly Henry. Stout enclosed an authorization form (Form DOJ-361) signed and dated on April 30, 2013. Plaintiff Henry sought access to records related to herself between the date ranges of October 27, 1983 to May 21, 2013. Plaintiff Henry requested a search of both the automated and manual indices, in any form or format to include multimedia and electronic records related in whole or in part to plaintiff Henry. Additionally, plaintiff Henry specified that the search include, but not be limited to, "emails, complaint forms, memorandums of investigation, reports of investigation, field operation worksheets, arrest reports, agents' notes, arrest evaluations, and investigation." Plaintiff Henry also requested a fee waiver pursuant to 5 U.S.C. 552(a)(4)(A)(iii); however, if the waiver was not granted, she asked for a reduction in fees claiming to be part of the news media. Further, plaintiff Henry asked to be informed of the total cost prior to fulfilling the request and informed the FBI of her willingness to pay up to $500 initially. Lastly, plaintiff Henry requested the release of records in an electronic or CD-ROM format. **(See Exhibit A.)**[1]

---

[1] Plaintiff Henry submitted a duplicate request addressed to the FOIA/PA Mail Referral Unit, United

3

(8)    By letter dated May 07, 2013, the FBI acknowledged receipt of plaintiff Henry's

request and assigned it FOIAPA Request Number 1214586. The FBI notified plaintiff Henry

that it was searching the FBI's Central Records System ("CRS") at FBIHQ for responsive

records. **(See Exhibit B.)**

(9)    By letter dated May 09, 2013, the FBI responded to plaintiff Henry's May 1, 2013

request and advised that a search of the automated indices to the CRS did not locate any main

file records responsive to her FOIA/Privacy Act request. Further, the FBI notified plaintiff

Henry that in accordance with standard FBI practice and pursuant to FOIA Exemption (b)(7)(E)

and Privacy Act Exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], its response neither

confirms nor denies the existence of individual names on any watch lists. Moreover, the FBI

informed plaintiff Henry that it was unnecessary to adjudicate her fee waiver request because no

responsive main file records were found. Finally, plaintiff Henry was advised that she could

appeal the FBI's denial within sixty (60) days from the date of its letter by writing to the

Department of Justice ("DOJ"), Office of Information Policy, ("OIP"). **(See Exhibit C.)**

(10)    By letter dated May 29, 2013, plaintiff Henry appealed to DOJ OIP, the adequacy

of the FBI's search, which yielded a "no record" response to her May 1, 2013 request. Plaintiff

Henry requested a more "thorough and adequate search" of the automated indices and the older

general (manual) indices, as well as a search for cross-references. **(See Exhibit D.)**

(11)    By letter dated June 20, 2013, DOJ OIP acknowledged receipt of plaintiff Henry's

appeal and assigned it appeal number AP-2013-03738. **(See Exhibit E.)**

(12)    By letter dated August 6, 2013, DOJ OIP advised plaintiff Henry that it affirmed

---

States Department of Justice ("US DOJ"), Justice Management Division "(JMD") which JMD forwarded
to the FBI and Executive Office for United States Attorneys ("EOUSA") on or about May 17, 2013.

the FBI's actions concerning her May 1, 2013 FOIA/Privacy Act request for records related to

plaintiff Henry. Additionally, DOJ OIP informed plaintiff Henry that the FBI's actions were

correct and that it conducted an adequate, reasonable search for records. Furthermore, DOJ OIP

noted that the FBI did not search its older manual indices because those indices contain only

records that were created prior to 1959.[2] Plaintiff Henry was also advised that sufficient

information must be provided to the FBI to enable it to determine with certainty that any cross-

references located are actually identifiable to her request. Moreover, DOJ OIP, informed

plaintiff Henry that the FBI properly refused to confirm or deny individual placement on any

government watch list and the existence of any such records as they are protected from

disclosure pursuant to 5 U.S.C. § 552a(j)(a) and 5 U.S.C. §552(b)(7)(E).[3] Finally, DOJ OIP

advised plaintiff Henry that if she was dissatisfied with its determination, she could seek judicial

review in accordance with 5 U.S.C. §552(a)(4)(B). **(See Exhibit F.)**

(13)    On or about December 21, 2013, plaintiff Henry filed the present lawsuit in the

U.S. District Court for the Northern District of California requesting the release of all material

responsive to the her FOIA/Privacy Act request.

*FOIPA REQUEST NUMBER REQUEST 1207771-000 (JESSE ABRAM STOUT)*

(14)    By letter dated January 31, 2013, Jesse Abram Stout, sought access to records

concerning "Jesse Stout' aka Jesse Abram Stout (who lived in New Jersey from 1984-2002, in

Rhode Island from 2002-2009, and in California from 2009-2013)" between the date ranges of

---

[2] The older manual indices were not searched because those records were created prior to 1959, which is outside the range of records requested by plaintiff, who, according to information provided in her FOIA/PA request, was born 1983.
[3] This is the FBI's standard response concerning any government watch list. See paragraphs 38-44 below for a more detailed explanation of our *Glomar* response.

July 17, 1984 through December 31, 2012. Plaintiff Stout also requested a public interest fee waiver; however, if his fee waiver was denied, plaintiff Stout asked to be informed of the total charges in advance of fulfilling his request. Finally, plaintiff Stout requested the release of records in an electronic or CD-ROM format. **(See Exhibit G.)**

(15)    By letter dated February 5, 2013, the FBI acknowledged receipt of plaintiff Stout's FOIA/Privacy Act request and assigned it FOIPA Request Number 1207771-000. Plaintiff Stout was advised that his request letter did not contain sufficient information to conduct an accurate search of the CRS. The FBI requested additional information, i.e., full name, date of birth, social security number, place of birth, address, telephone number, and any additional information that may assist in its search efforts. Further, the FBI informed plaintiff Stout that his request must contain his signature under penalty of perjury.[4] Finally, the FBI notified plaintiff Stout that he must respond within thirty (30) days from the date of its letter in writing or by faxing the information to the attention of the Initial Processing Unit of the FBI or his request would be closed. **(See Exhibit H.)**

(16)    On or about March 7, 2013, FOIPA Request Number 1207771-000 was closed administratively due to plaintiff Stout's lack of response within the designated timeframe.

*FOIPA REQUEST NUMBER REQUEST 1207771-001 (JESSE ABRAM STOUT)*

(17)    By letter dated April 30, 2013 and emailed on May 1, 2013, plaintiff Jesse Abram Stout, through his attorney, Caitlin Kelly Henry, submitted a FOIA/Privacy Act request seeking access to records on "Jesse Stout," "Jesse Abram Stout," "Jesse A. Stout," and "Jessie Stout," who lived in New Jersey from 1984-2002, in Rhode Island from 2002-2009, and in California from 2009-2013. Plaintiff Stout enclosed an authorization (Form DOJ-361) signed and dated by

6

plaintiff Stout on April 30, 2013. Plaintiff Stout sought access to records on himself between the date range of July 17, 1984 to May 21, 2013. Plaintiff Stout requested a search of both the automated and manual indices for any records, in any form or format to include multimedia and all types of electronic records related in whole or in part to him. Additionally, plaintiff Stout specified that the search was to include, but not be limited to, "emails, complaint forms, memorandums of investigation, reports of investigation, field operation worksheets, arrest reports, agents' notes, arrest evaluations, and investigation." Plaintiff Stout also requested a fee waiver pursuant to 5 U.S.C. 552(a)(4)(A)(iii); however, if the fee waiver was not be granted, plaintiff Stout requested a fee reduction, claiming to be part of the news media. Further, plaintiff Stout asked to be informed of the total cost prior to fulfilling the request and informed the FBI of his willingness to pay up to $50 initially. Lastly, plaintiff Stout requested the release of records in electronic or CD-ROM format.[5] **(See Exhibit I.)**

(18) By letter dated May 06, 2013, the FBI acknowledged receipt of plaintiff Stout's request and assigned it FOIPA Request Number 1207771-001. The FBI advised that a search of the automated indices to the CRS did not locate any main file records responsive to plaintiff Stout's FOIA/Privacy Act request. Further, the FBI notified plaintiff Stout that in accordance with standard FBI practice and pursuant to FOIA Exemption (b)(7)(E) and Privacy Act Exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], its response neither confirms nor denies the existence of individual names on any watch lists. Moreover, the FBI informed plaintiff Stout that it was unnecessary to adjudicate his fee waiver request because no responsive main file

---

[4] Plaintiff's January 31, 2013 request was not signed under penalty of perjury or notarized.
[5] Plaintiff Stout submitted a duplicate request addressed to the FOIA/PA Mail Referral Unit, United States Department of Justice, Justice Management Division ("USDOJ JMD") which JMD forwarded to the FBI and Executive Office for United States Attorneys ("EOUSA") on or about May 17, 2013.

records were found.  Finally, plaintiff Stout was advised that he could appeal the FBI's denial within sixty (60) days from the date of its letter by writing to the DOJ OIP.

(**See** **Exhibit J.)**

(19)    By letter dated May 29, 2013, plaintiff Stout appealed to DOJ OIP, the adequacy of the FBI's search that yielded a "no record" response to his April 30, 2013 request.  Plaintiff Stout requested a "more thorough and adequate search" of the automated indices and the older general (manual) indices, as well as a search for cross-references.  (**See** **Exhibit K.)**

(20)    By letter dated June 20, 2013, DOJ OIP acknowledged receipt of plaintiff Stout's appeal and assigned it appeal number AP-2013-03741.  (**See** **Exhibit L.)**

(21)    By letter dated September 10, 2013, DOJ OIP advised plaintiff Stout that it affirmed the FBI's actions concerning his April 30, 2013 FOIA/Privacy Act request seeking access to records related to himself.  Additionally, DOJ OIP informed plaintiff Stout that the FBI's actions were correct and that it conducted an adequate and reasonable search for records. Furthermore, DOJ OIP noted that the FBI did not search its older manual indices because those indices contain records that were created prior to 1959.[6]  Moreover, DOJ OIP informed plaintiff Stout that the FBI properly refused to confirm or deny an individual's placement on any watch list and the existence of any such records as they are protected from disclosure pursuant to 5 U.S.C. § 552a(j)(2) and 5 U.S.C. §552(b)(7)(E).  (*See* footnote 4, *supra*.)  Finally, DOJ OIP advised plaintiff Stout that if he was dissatisfied with its determination, he could seek judicial review in accordance with 5 U.S.C. §552(a)(4)(B).  (**See** **Exhibit M.)**

---

[6] The older manual indices were not searched because those records were created prior to 1959, which is outside the range of records requested by plaintiff, who, based on information provided in his FOIA/PA request, was born in 1984.

(22)    On or about December 21, 2013, plaintiff Stout filed the present lawsuit in the

U.S. District Court for the Northern District of California requesting the release of all material

responsive to his FOIA/Privacy Act request.

### EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(23)    The Central Records System ("CRS") enables the FBI to maintain information

that it has acquired in the course of fulfilling its mandated law enforcement responsibilities.  The

records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other

files compiled for law enforcement purposes.  This system consists of a numerical sequence of

files, called FBI classifications, which are broken down according to subject matter.  The subject

matter of a file may relate to an individual, organization, company, publication, activity, or

foreign intelligence matter (or program).  Certain records in the CRS are maintained at FBIHQ,

whereas records in the CRS that are pertinent to specific field offices of the FBI are maintained

in those field offices.  Although the CRS is primarily designed to serve as an investigative tool,

the FBI searches the CRS which includes records from FBIHQ and its Field Offices for

documents that are potentially responsive to FOIA/Privacy Act requests.

(24)    The mechanism that the FBI uses to search the CRS is the Automated Case

Support System ("ACS").  On or about October 16, 1995, the ACS system was implemented for

all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the

CRS that were previously automated.  ACS can be described as an internal computerized

subsystem of the CRS.  Because the CRS cannot electronically query the case files for data, such

as an individual's name or social security number, the required information is duplicated and

moved to the ACS so that it can be searched.  More than 105 million records from the CRS were

converted from automated systems previously utilized by the FBI.  Automation did not change

9

the CRS; instead, automation has facilitated more economic and expeditious access to records

maintained in the CRS.

(25)    The retrieval of data from the CRS is made possible through the ACS using the

General Indices (automated and manual), which are arranged in alphabetical order. Entries in the

General Indices fall into two categories:

> (a)    A "main" entry – A main entry, or main file, carries the
> name corresponding with a subject of a file contained in the CRS.
>
> (b)    A "reference" entry – A reference entry, sometimes called a
> cross-reference, is generally only a mere mention or reference
> to an individual, organization, or other subject matter contained in
> a document located in another main file on a different subject
> matter.

(26)    Searches made in the General Indices to locate records concerning a particular

subject, such as "Caitlin Kelly Henry" or "Jesse Abram Stout," are made by searching the

subject requested in the indices.

(27)    The ACS consists of three integrated, yet separately functional, automated

applications that support case management functions for all FBI investigative and administrative

cases:

> (a)  Investigative Case Management ("ICM") – ICM provides the ability to open,
>
> assign, and close investigative and administrative cases as well as set, assign, and track
>
> leads. The Office of Origin (OO), which sets leads for itself and other field offices, as
>
> needed, opens a case. The field offices that receive leads from the OO are referred to as
>
> Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File
>
> Number ("UCFN"), which is used by FBIHQ, as well as all FBI field offices and Legats
>
> that are conducting or assisting in the investigation. Using fictitious file number "111-

10

HQ-12345" as an example, an explanation of the UCFN is as follows: "111" indicates the classification for the specific type of investigation; "HQ" is the abbreviated form used for the Office of Origin of the investigation, which in this example is FBI Headquarters; and "12345" indicates the individual case file number for the particular investigation.

(b) Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 115.4 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(28)   The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") – and on occasion, support employees – assigned to work on the investigation, the Supervisory Special Agent ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent,

11

relevant, or essential for future retrieval. Without a key (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, e.g., "Caitlin Kelly Henry" and "Jesse Abram Stout."

### SEARCH FOR RESPONSIVE RECORDS TO PLAINTIFFS' REQUESTS

*Caitlin Kelly Henry – FOIPA Request Number 1214586*

(29)    In response to plaintiff Henry's request for information concerning, "Caitlin Kelly Henry," the FBI conducted a three-way phonetic search[7] of its automated and manual indices to the CRS using the name "Caitlin Kelly Henry" in an effort to identify all potentially responsive main investigatory files indexed to "Caitlin Kelly Henry," for the time period of October 27, 1983 to May 6, 2013, the date of FBI's initial search concerning Henry's FOIA/PA request[8] and subject to the FOIA. This means that first, the computer automatically broke plaintiff's name down and searched the indices for three different breakdowns of the name entered: "Henry,

---

[7] The FBI used a three-way phonetic search ("TP" search) to search for responsive records. This means that first; the computer automatically breaks plaintiff's name down and searches the indices for three different breakdowns of the name. Then, the computer breaks plaintiff's name down based on its phonetic characteristics. The computer will return results based on whether or not they phonetically match a certain percentage of the first and last name searched. The default phonetic match setting for the first and last names is 80%. Thus, in this case, the computer returned results that were an 80% match to the three-way breakdown of plaintiff's name.

[8] Plaintiff Henry's request sought records for the time period of October 27, 1983 to May 21, 2013. The FBI's establishes the search cut-off date for a particular FOIA and/or Privacy Act request by using the date on which RIDS conducts its initial search for records pertaining to the request. The FBI conducted its initial search for responsive records, May 6, 2013, "cut-off date." Therefore, records created after the "cut-off" date were not included as part of plaintiff's FOIA request.

Caitlin Kelly;" "Henry, Caitlin K.;" and "Henry, Caitlin." The plaintiff also provided "Henry,

Kh" as another search term which the FBI used in its search. Then, the computer breaks names

down based on their phonetic characteristics. Additionally, the FBI utilized Henry's date of birth

and social security number in combination with the name variants described above to facilitate

the identification of potentially responsive files. As a result of this initial administrative search

for main investigatory files, the FBI did not locate any main files responsive to the plaintiff

Henry's request.

(30)    At the initial administrative stage, the FBI's policy is to search for and identify

only "main" files responsive to FOIA/Privacy Act requests and subject to the FOIA.[9]  Here, that

search resulted in no records being located. However, upon receipt of plaintiff Henry's

complaint in the present lawsuit, the FBI subsequently conducted another search of the CRS for

records potentially responsive to plaintiff, "Caitlin Kelly Henry," using the same three-way

phonetic search of Caitlin Henry's name as described *supra*. The FBI also utilized the name

"Henry, Kh" along with plaintiff's date of birth and social security number in its search efforts.

The FBI's subsequent search of the CRS used both the automated and manual indices[10] to locate

any main or cross-reference records responsive to plaintiff's request and subject to the FOIA.

No responsive records were located.

---

[9] This is the FBI's policy which is applicable to all requests. Unless a person specifically
requests cross-references or requests information regarding a very specific event, which are
contained in a cross-reference file, the FBI does not search these records at the administrative
stage..

[10] Because the manual indices (inactive index cards) to the CRS only contain records created before 1959,
the FBI's current policy allows for search of the manual indices if the subject was born during or before
1958, or, if the event or organization about which records are being requested happened during or before
1979. Plaintiff's request sought a manual indices search; therefore, the FBI conducted a discretionary

*Jesse Abram Stout – FOIPA Request Numbers 1207771-000 and 1207771-001*

(31)   In response to plaintiff Stout's request for information concerning himself, dated January 31, 2013 and assigned FOIPA Request Number 1207771-000, plaintiff failed to provide the appropriate documentation (Form DOJ-361); therefore, no search was performed and his request was closed administratively.

(32)   In response to plaintiff Stout's request for information concerning himself, dated April 30, 2013 and submitted by his attorney Ms. Henry, the FBI conducted a three-way phonetic search[11] of its automated and manual indices to the CRS using the name "Jesse Abram Stout" in an effort to identify all potentially responsive main investigatory files indexed to "Jesse Abram Stout," for the time period of July 17, 1984 to May 3, 2013,[12] the date of FBI's initial search for records responsive to Stout's request. This means that first, the computer automatically broke his name down and searched the index for three different breakdowns of the name entered: "Stout, Jesse Abram;" "Stout, Jesse A.," and "Stout, Jesse." The plaintiff also provided "Stout, Jessie" as another search term which the FBI searched. Then, the computer broke the name names down based on its phonetic characteristics. Additionally, the FBI utilized his date of birth and social security number in combination with the name variations to facilitate the identification of potentially responsive files. As a result of its initial administrative search for main investigatory files, the FBI did not locate any main files responsive to plaintiff's request. At the initial administrative stage, the FBI's policy is to search for and identify only "main" files

---

search of its manual indices although plaintiff was born in the 1980s.

[11] *See* fn 7 above for a detailed explanation of the three-way phonetic ("TP") search.

[12] The FBI's establishes the search cut-off date for a particular FOIA and/or Privacy Act request by using the date on which RIDS conducts its initial search for records pertaining to the request. The FBI conducted its initial search for responsive records, May 3, 2013, "cut-off date." Therefore, records created after the "cut-off" date were not included as part of plaintiff's FOIA request.

responsive to FOIA/Privacy Act requests and subject to FOIA. Here, that search resulted in no records being located. However, upon receipt of plaintiff's complaint in the present lawsuit, the FBI subsequently conducted another search of the CRS for records potentially responsive to plaintiff, "Jesse Abram Stout," using the same three-way phonetic search terms as described *supra*. The FBI also utilized the name "Stout, Jessie" along with plaintiff's date of birth and social security number in its search efforts. The FBI's subsequent search of the CRS used both the automated and manual indices (*see* footnote 9) to locate any main or cross-reference records responsive to plaintiff's request and subject to the FOIA. No responsive records were located.

## ELECTRONIC SURVEILLANCE INDICES

(33)     The automated Electronic Surveillance ("ELSUR") indices are used to maintain information on subjects whose electronic and/or voice communications have been intercepted as the result of a consensual electronic surveillance or a court-ordered (and/or sought) electronic surveillance conducted by the FBI. The ELSUR indices date back to January 1, 1960. On or about October 9, 1991, the ELSUR indices were automated. Since that time, FBIHQ and all FBI field offices have electronically generated, maintained, modified and accessed all ELSUR records.

(34)     The ELSUR indices are a separate system of records from the CRS. Prior to automation, the ELSUR indices consisted of index cards on individuals who had been the subject of a microphone or telephone surveillance by the FBI from 1960. As stated above, the previous manual index card system was converted to an automated system on or about October 9, 1991. These automated indices include individuals who were the (a) targets of direct surveillance, (b) participants in monitored conversations, and (c) owners, lessors, or licensors of the premises

15

where the FBI conducted electronic surveillance. In addition to the names of individuals in the above categories, the ELSUR indices contain the date the voice was monitored, a source number to identify the individual on whom the surveillance was installed, and the location of the FBI field office that conducted the monitoring.

(35) ELSUR indices are published as a separate records system in the Federal Register because not all names contained in the ELSUR indices can be retrieved through the General Indices and CRS. *See* 52 Fed. Reg. 8482 (1992).

(36) The FBI field offices that have conducted electronic surveillance at any time from 1960 to the present also maintain ELSUR indices. Since January 1, 1960, the field offices have been including in their ELSUR indices - and reporting to FBIHQ for inclusion in its index-- the names of all persons whose voices have been monitored through a FBI microphone installation or telephone surveillance. The names of monitored subjects are retrievable through the FBIHQ or local field office ELSUR indices.

(37) Both plaintiff Henry and plaintiff Stout's requests sought "multimedia and all types of electronic records," therefore; the FBI conducted a discretionary search of its ELSUR indices concerning "Caitlin Kelly Henry" and "Jesse Abram Stout." in response to the plaintiffs' present litigation. The FBI searched the names "Caitlin Kelly Henry, "Caitlin K. Henry," "Caitlin Henry, and "Henry, Kh" for plaintiff Henry. Then, the FBI searched the names "Jesse Abram Stout," "Jesse A. Stout," "Jesse Stout," and "Jessie Stout" for plaintiff Stout. The FBI utilized plaintiffs' dates of birth and social security numbers in combination with the name variants described above to facilitate the identification of potentially responsive files. The ELSUR search located no responsive records for either subject.

16

## GLOMAR – EXEMPTION (b)(7)(E) –
## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(38)     5 U.S.C. § 552 (b)(7)(E) provides for the withholding of

> records or information compiled for law enforcement *pur*poses, but only
> to the extent that the production of such law enforcement records or
> information . . . (E) would disclose techniques and procedures for law
> enforcement investigations or prosecutions, or would disclose guidelines
> for law enforcement investigations or prosecutions if such disclosure
> could reasonably be expected to risk circumvention of the law . . . .

(39)     The plaintiffs' complaint filed on December 21, 2013, claimed that the FBI

improperly invoked exemptions (b)(7((E) and (j)(2) *in* response to his/her FOIA/PA requests

(12145866-000; 1207771-000), because the FBI refused to confirm or deny their individual

names on the government watch list. Also, plaintiffs suggested that the FBI failed to release

segregable portions of responsive records. *See* Dkt. 1 Complaint, Count I: Violation of the FOIA

¶ 40.

(40)     The Terrorist Watchlist is one of the most effective counterterrorism and law

enforcement tools for the United States Government. The terrorist Watchlist is composed of

many sub-lists pertaining to various categories of criminal matters under investigation, such as

the so-called no-fly list. The rationale behind the FBI's general assertion of a Glomar response

under FOIA Exemption (7)(E) with regard to these government watch lists is that to confirm any

individual's watch list status reasonably could be expected to compromise investigative

operations as well as endanger sources and methods. Hence, the FBI has consistently, across the

board used the Glomar response of neither confirming nor denying any individual's status on any

government watch list for all first party requests made pursuant to the FOIA and Privacy Act as a

way of ensuring that harms to its law enforcement investigations and intelligence gathering

17

techniques do not occur.

(41)    Disclosure of whether an individual is on a watch list may cause substantial harm to law enforcement investigative and intelligence gathering interests of the FBI. Public confirmation of an individual's placement on a watch list would notify the individual that his ties to criminal or national security activities are known and that he is the subject of an investigation. Alerting an individual that there is an investigation would afford him the opportunity to adjust his behavior so as to avoid detection by law enforcement.

(42)    Providing a "no records" response to a requester when there are, in fact, no records, leaves the FBI no practical response options in cases where the requester has records without alerting him of this fact. By way of illustration, suppose the FBI receives a FOIA request from an individual for records concerning himself/herself and there are in fact no responsive records; he/she is then given a "no records" response. The next requester with the same request, who is in fact on a watch list, and therefore has responsive records, is given a "Glomar" response that "neither confirms nor denies" the existence of any FBI records. Unless the integrity of the system is preserved by consistently providing every individual requester with a "Glomar" response, an individual can easily discover whether or not he or she is of investigative interest.

(43)    Providing a substantive response regarding placement on a watch list would force the FBI to reveal whether or not an individual is of investigative interest. For example, an individual engaged in criminal activity who receives a "Glomar" response knows their actions are subject to investigative scrutiny. By way of contrast, a "no records" response notifies an individual, who is engaged in criminal activity, that his criminal activities have not been detected and thus he or she can move about freely without fear of investigative scrutiny. An individual

18

DRAFT: Henry and Stout Draft Hardy Declaration dated 04.16.2014
REVIEWED BY: mmm 4-25-14/Jon 05.09.14/JSW 06.03.14
PRIVILEGED: ATTORNEY-CLIENT/WORK PRODUCT

can use this process to circumvent the law by determining whether or not he has been detected.

Alerting an individual that his or her ties to criminal activity are known (or not known) to the

government would provide the individual an opportunity to avoid detection, destroy evidence, or

take other actions to thwart the government's investigative efforts, including warning other

criminal associates as to the government's efforts and aiding them in further circumventing those

efforts.

(44)    The only reasonable response the FBI can provide an individual, including the

plaintiff, is to consistently refuse to confirm or deny the placement of an individual on a

government watch list. As discussed above, disclosure could reasonably be expected to risk

circumvention of the law and thereby impede the effectiveness of the FBI's law enforcement

activities. The consistent, across-the-board assertion of the "neither confirm nor deny" response,

pursuant to Exemption (b)(7)(E), results in the inability of any one individual to draw logical

inferences as to whether or not they are on a government watch list, thus preserving and

protecting the integrity and effectiveness of watch lists.

## CONCLUSION

(45)    The FBI conducted multiple searches of its CRS (automated and manual), the

ELSUR indices, and the older general manual indices (manual index cards) in order to locate

responsive records for plaintiffs' FOIA/Privacy Act requests concerning Caitlin Kelly Henry and

Jesse Abram Stout. The FBI has performed adequate searches reasonably likely to locate

19

DRAFT: Henry and Stout Draft Hardy Declaration dated 04.16.2014
REVIEWED BY: mmm 4-25-14/Jon 05.09.14/JSW 06.03.14
PRIVILEGED: ATTORNEY-CLIENT/WORK PRODUCT

records responsive to plaintiffs' requests. All of the FBI's search efforts failed to locate

responsive records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through M attached hereto are true and correct copies.

Executed this ⎵25th⎵ day of ⎵September⎵ 2014.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

|  |  |  |
|---|---|---|
| CAITLIN KELLY HENRY AND<br>JESSE ABRAM STOUT,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:13-cv-05924-DMR |

# **Exhibit A**

**Morgan, Marcia M.**

| | |
|---|---|
| **From:** | jessestout@gmail.com on behalf of Jesse Stout [jesse@jessestoutlaw.com] |
| **Sent:** | Wednesday, May 01, 2013 6:07 PM |
| **To:** | FOIPARequest |
| **Subject:** | FOIA/Privacy Acts Request |
| **Attachments:** | CKH FOIA FBI EMAIL.pdf |

Dear FOIA Officer:
Please find a FOIA/Privacy Acts request attached.
Thank you,
Jesse Stout

--
Law Office of Jesse Stout  |  415.633.6280  |  JesseStoutLaw.com

1

*Law Office of Jesse Stout*
*280 Fell Street, #301*
*San Francisco, CA 94102*

Freedom of Information Act Officer
FBI
Attn: FOIA Request
170 Marcel Drive
Winchester, VA 22602-4843
Via electronic mail to foiparequest@ic.fbi.gov

May 1, 2013

                                        Re: Freedom of Information and Privacy Acts Request

Dear FOIA Officer:

This is a request under the Freedom of Information and Privacy Acts. I hereby request the following on behalf of my client, Caitlin Kelly Henry. Please search both the automated and the older general (manual) indices for all records (in any form or format, including multimedia and all types of electronic records) related in whole or in part to Caitlin Kelly Henry. This includes, but should not be limited to, emails, Complaint Forms, Memorandums of Investigation, Reports of Investigation, Field Operation Worksheets, Arrest Reports, Agents' notes, arrest evaluations, and investigation.

This Caitlin Henry resided in California 1983-2001, New York and California 2001-2005, California 2005-2008, Illinois and California 2008-2009, and California 2009 to present.  I request records in the date range of: October 27, 1983 to May 21, 2013.

Associated key words may include, but should not be limited to (comma indicating "or"):
- Caitlin Henry, Caitlin Kelly Henry, Caitlin K Henry, Caitlin Kh, Caitlin KH.
- Alameda County Sheriff, Alameda County District Attorney, Anarchy, Anarchist, Animal Enterprise Terrorism Act, Asian Law Caucus, California Appellate Project, California Department of Corrections and Rehabilitation, California Prison Focus, Center for Constitutional Rights, Chiapas, Communication Management Units, Demonstration, DePaul University, Ella Baker Center, Grand Juries, Immigrant Legal Resource Center, Joint Terrorism Task Force, Legal Observer, Moral Character, National Lawyers Guild, New York University, NoFly List, Oaxaca, Occupy, Office of Foreign Assets Control, San Francisco Sheriff, San Quentin State Prison, Pelican Bay State Prison, Protest, Prisoner Legal Services, Radical, Secure Housing Units, Terrorism and the Law, University of California Hastings College of the Law, Watchlist, Zapatistas.

I also request a public interest fee waiver pursuant to 5 U.S.C. 552(a)(4)(A)(iii). I anticipate that the requested documents will be made available to the general public free of charge as public information on the Internet about surveillance of activists and advocates. This request is made in the process of news-gathering about surveillance, and not for commercial usage. The specific operations of government to which the request relates is about surveillance of people who advocate for prisoners and racial, criminal, and social justice. Publication of information about monitoring of advocates will contribute significantly to a public understanding of how to perform lawful advocacy on behalf of marginalized populations. In particular, attorneys would benefit from understanding of how traditionally legally privileged communications have been monitored. Both will significantly contribute to public understanding of government operations. The following articles demonstrate the public

*Law Office of Jesse Stout*
*280 Fell Street, #301*
*San Francisco, CA 94102*

interest in the subject manner, and my client's intended forum for dissemination:

- The Public Is Left in the Dark When Courts Allow Electronic Surveillance, New York Times, 7/23/2012 http://www.nytimes.com/2012/07/24/us/politics/sidebar-public-in-the-dark-about-surveillance-orders.html?_r=3&
- FBI Surveillance Of Occupy Wall Street Detailed, Huffington Post, 01/05/2013 http://www.huffingtonpost.com/2013/01/05/fbi-occupy-wall-street_n_2410783.html
- The FBI Treated Occupy Like a Terrorist Group, Atlantic Wire, 12/23/2012 http://www.theatlanticwire.com/national/2012/12/fbi-treated-occupy-terrorist-group/60289/
- Revealed: how the FBI coordinated the crackdown on Occupy, Guardian, 12/29/12 http://www.guardian.co.uk/commentisfree/2012/dec/29/fbi-coordinated-crackdown-occupy

In the event that fees cannot be waived, please grant a reduced fee request in the news media category, based on the aforementioned grounds.

I would be grateful if you would inform me of the total charges in advance of fulfilling my request. My client is willing to pay up to $500 initially. I would prefer the request filled electronically, by e-mail attachment if available, or CD-ROM if not. Likewise, if documents are not available electronically, please indicate the approximate cost of copying and shipping. As FOIA requires the release of all reasonably segregable portions of records, please release all segregable information and do not withhold an entire document if only a portion is exempt.

Because release of documents is in the public interest, but will initially be reviewed by my client and myself, I respectfully request the agency's exercise of discretion for disclosure of any documents typically exempt for release to third party. I have enclosed a release from my client.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires. Please feel free to contact me at 415.633.6280 or jesse@jessestoutlaw.com.

Sincerely,

Jesse Stout

Enc:
    1. Privacy Waiver
    2. Proof of Identity

**U.S Department of Justice**          **Certification of Identity**          

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] *Caitlin Kelly Henry*

Citizenship Status [2] *Citizen*          Social Security Number [3] ███████████

Current Address *P.O. BOX 641050   San Francisco CA 94164*          FRCP 5.2

Date of Birth ███████████          Place of Birth *Berkeley, CA*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] *Caitlin Henry*          Date *4/30/13*

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

*Jesse Stout, Esq.  280 Fell St. #301, San Francisco CA 94102*

**Print or Type Name**

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

*Law Office of Jesse Stout*
*280 Fell Street, #301*
*San Francisco, CA 94102*


To: Whom It May Concern
Re: Privacy Waiver

I, Caitlin Kelly Henry, hereby execute this Privacy Waiver.  This waiver is valid through May 1st, 2015.

I authorize release of personal information to my attorney, Jesse Stout by mail to 280 Fell Street #301 San Francisco, CA 94102, or via internet to jesse@jessestoutlaw.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above. I understand that any falsification of this statement is punishable under law.


Name (Printed): Caitlin Kelly Henry

Signature: Caitlin Henry

Date: 4/30/13

Attorney/Recipient Name (Printed): Jesse Stout, Esq.

Signature: Jesse Stout

Date: 4/30/2013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

|  |  |
|---|---|
| CAITLIN KELLY HENRY AND<br>JESSE ABRAM STOUT,<br><br>    Plaintiffs,<br><br>        v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>    Defendant. | ) <br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 4:13-cv-05924-DMR

# **Exhibit B**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 7, 2013

Mr. Jesse Stout
Number 301
280 Fell Street
San Francisco, CA 94102

FOIPA Request No.: 1214586-000
Subject: HENRY, CAITLIN KELLY

Dear Mr. Stout:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☑   Your request has been received at FBI Headquarters for processing.

☐   Your request has been received at the [_____ Resident Agency / _____ Field Office] and forwarded to FBI Headquarters for processing.

☑   We are searching the indices to our Central Records System for the information responsive to this request.   We will inform you of the results in future correspondence.

☐   Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☑   Please check for the status of your FOIPA request at www.fbi.gov/foia.

The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

CAITLIN KELLY HENRY AND
JESSE ABRAM STOUT,

    Plaintiffs,

v.

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 4:13-cv-05924-DMR

# **<u>Exhibit C</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 9, 2013

Mr. Jesse Stout
Number 301
280 Fell Street
San Francisco, CA 94102

FOIPA Request No.: 1214586-000
Subject: HENRY, CAITLIN KELLY

Dear Mr. Stout:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

Based on the information you provided, we conducted a search of the Central Records System.  We were unable to identify main file records responsive to the FOIPA.  If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your fee waiver request because no responsive main file records were found.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E)/ Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.    Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary function of the FBI is law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white-collar crime, major thefts/violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An Identification record or "rap sheet" is NOT the same as an "FBI file"** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date of birth and place of birth. There is a required fee of $18 for this service which must be submitted in the form of a money order or certified bank check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section—Freedom of Information/Privacy Act (FOIPA)** searches for records and provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, or business is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from the NNCP search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/26/2012

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal         privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

|  |  |
|---|---|
| CAITLIN KELLY HENRY AND JESSE ABRAM STOUT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 4:13-cv-05924-DMR |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) |
| Defendant. | ) ) ) |

# **<u>Exhibit D</u>**

*Law Office of Jesse Stout*
*280 Fell Street, #301*
*San Francisco, CA 94102*

Director
Office of Information Policy
U.S. Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

RECEIVED

JUN 0 4 2013

Office of Infor...

May 29, 2013

Re: FOIPA Appeal, No. 1214586-000

Dear Director:

This is an appeal pursuant to 5 USC § 552(a)(6). I received a letter dated May 9, 2013 from David M. Hardy of the FBI denying in part my FOI/PA request regarding my client Caitlin Kelly Henry. The letter indicated that an appeal could be sent to you.

The letter stated that the FBI was unable to identify main file records responsive to the FOIPA. The letter further stated this response neither confirms nor denies the existence of my subject's name on any watch lists, under exemptions (b)(7)(E) and (j)(2).

We believe the initial search of only the Central Records System was inadequate. We are requesting that your department perform a more thorough and adequate search in the Central Records System. We also request that you expand your search to include both your automated indices and the older general (manual) indices. Please also conduct a cross-reference search.

I trust that upon examination of my request, you will conclude that the records I requested are not properly covered by the exemptions listed and that you will overrule the decision to withhold the information. If you choose instead to continue to withhold some or all of the material which was denied in my initial request to your agency, I ask that you give me an index of such material, together with the justification for the denial of each item which is still withheld.

As provided in the Freedom of Information Act and Privacy Acts, I will expect to receive a reply to this administrative appeal letter within twenty working days. If you deny this appeal and do not adequately explain why the material withheld is properly exempt or do not reply within the timeframe provided in the statute, I intend to initiate a lawsuit to compel its disclosure.

Sincerely,

Jesse Stout, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

|  |  |  |
|---|---|---|
| CAITLIN KELLY HENRY AND JESSE ABRAM STOUT, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 4:13-cv-05924-DMR |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) | |
| Defendant. | ) ) ) | |

# **<u>Exhibit E</u>**



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_          _Washington, D.C.  20530_

June 20, 2013

Jesse Stout, Esq.
Law Office of Jesse Stout
No. 301
280 Fell Street
San Francisco, CA  94102

     Re: Request No. 1214586

Dear Mr. Stout:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on June 4, 2013.

     The Office of Information Policy has the responsibility of adjudicating such appeals.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **AP-2013-03738**.  Please mention this number in any future correspondence to this Office regarding this matter.  Please note that if you provide an e-mail address or another electronic means of communication with your appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. mail.

     We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal, you may contact me at the number above.  If you have submitted your appeal through this Office's online electronic appeal portal, you may also obtain an update on the status of your appeal by logging into your portal account.

     Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

|  |  |
|---|---|
| CAITLIN KELLY HENRY AND JESSE ABRAM STOUT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 4:13-cv-05924-DMR ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) |
| Defendant. | ) ) ) |

# **Exhibit F**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**August 6, 2013**

Jesse Stout, Esq.
Unit 301
280 Fell Street                           Re:      Appeal No. AP-2013-03738
San Francisco, CA 94102                            Request No. 1214586
jesse@jessestoutlaw.com                            SRO:AMJ

**VIA: E-mail**

Dear Mr. Stout:

        You appealed on behalf of your client, Caitlin Kelly Henry, from the action of the
Federal Bureau of Investigation on her request for access to records concerning herself.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
request. The Freedom of Information Act provides for disclosure of many agency records. At
the same time, Congress included in the FOIA nine exemptions from disclosure that provide
protection for important interests such as personal privacy, privileged communications, and
certain law enforcement activities. To the extent that your client's request seeks access to records
that would either confirm or deny an individual's placement on any government watch list, the
FBI properly refused to confirm or deny the existence of any records responsive to your client's
request because the existence of such records is protected from disclosure pursuant to 5 U.S.C.
§ 552a(j)(2) & 5 U.S.C. § 552(b)(7)(E). FOIA Exemption (b)(7)(E) concerns records or
information compiled for law enforcement purposes the release of which would disclose
techniques and procedures for law enforcement investigations or prosecutions. This response
should not be taken as an indication that records do or do not exist. Rather, this is the standard
response made by the FBI.

        As to your appeal concerning the adequacy of the FBI's search for responsive records
subject to the FOIA, I have determined that the FBI's response was correct and that it conducted
an adequate, reasonable search for such records. Please note that the FBI did not search its older,
manual indices because those indices only contain records created prior to 1959.

        Regarding your client's request for a cross-reference search, please be advised that you
need to provide information sufficient to enable the FBI to determine with certainty that any
cross-references it locates are identifiable to the subject of your request. This information may
include the following:

        1) the specific circumstances in which the subject of your request had contact
           with the FBI;

- 2 -

2) the date(s) of such contact;
3) the location(s) of such contact;
4) the full name (first, middle, and last) as well as any prior names or aliases used by the subject of your request;
5) Social Security number, date of birth, place of birth, and home address of the subject of your request;
6) names of associates of the subject of your request the mention of whom might aid in the identification of responsive records; and
7) other references of the subject of your request in media, such as books, articles, websites, etc.

You should provide this information to the FBI directly. Please note that the FBI may not be able to identify responsive cross-references despite the additional information you provide. You may appeal any future adverse determination made by the FBI.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's request, and the action of the FBI in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits her to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,



Sean R. O'Neill
Chief
Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

CAITLIN KELLY HENRY AND
JESSE ABRAM STOUT,

    Plaintiffs,

       v.

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 4:13-cv-05924-DMR

# Exhibit G

**Sobonya, David P.**

| | |
|---|---|
| **From:** | Jesse Stout [jessestout@gmail.com] |
| **Sent:** | Thursday, January 31, 2013 3:50 PM |
| **To:** | FOIPARequest |
| **Subject:** | FBI FOIA Request re: "Jesse Stout" |

January 31, 2013

FBI
Record/Information Dissemination Section
Attn: FOIPA Request
170 Marcel Drive
Winchester, VA 22602-4843

Dear FOIA Officer:

This is a request under the Freedom of Information Act.

Date range of request: July 17, 1984 - December 31, 2012

Please search the FBI's indices to the Central Records System for the information responsive to this request related to: "Jesse Stout," aka Jesse Abram Stout (who lived in New Jersey from 1984-2002, in Rhode Island from 2002-2009, and in California from 2009-2013)

I also request that, if appropriate, fees be waived as I believe this request is in the public interest. I anticipate that the requested documents will be made available to the general public free of charge as public information on the Internet, and this request is made in the process of news gathering and not for commercial usage.

In the event that fees cannot be waived, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Jesse Stout

280 Fell Street #301

San Francisco, CA 94102

jessestout@gmail.com

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

|  |  |  |
|---|---|---|
| CAITLIN KELLY HENRY AND JESSE ABRAM STOUT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 4:13-cv-05924-DMR |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) | |
| Defendant. | ) ) ) | |

# **Exhibit H**



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 5, 2013

Mr. Jesse Abram Stout
#301
280 Fell Street
San Francisco, CA 94102

FOIPA Request No.: 1207771
Subject: Stout, Jesse Abram

Dear Mr. Stout:

This acknowledges receipt of your Freedom of Information/Privacy Act (FOIPA) request to the FBI.   The FOIPA number listed above has been assigned to your request.   Your letter did not contain sufficient information to conduct an accurate search of the Central Records System.

Full Name: _____

Current Address: _____

Date of Birth: _____ Place of Birth: _____

Daytime Telephone Number: _____

Please provide any additional information that you think would assist the FBI with our search for records, such as prior addresses, employments, aliases, approximate time frame for the information sought.

_____

_____

_____

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5 U.S.C. § 552a (i)(3), as a misdemeanor and by a fine of not more than $5,000.   **The signature must be legible.**

Signature_____ Date_____

You can fax your request to (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602, to the Attn: Initial Processing.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-000, .or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary function of the FBI is law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white-collar crime, major thefts/violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identification record or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date of birth and place of birth. There is a required fee of $18 for this service which must be submitted in the form of a money order or certified bank check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section—Freedom of Information/Privacy Act (FOIPA)** searches for records and provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, or business is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from the NNCP search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/26/2012

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| CAITLIN KELLY HENRY AND JESSE ABRAM STOUT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 4:13-cv-05924-DMR |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) |
| Defendant. | ) ) ) |

# **Exhibit I**

**Sobonya, David P.**

| | |
|---|---|
| **From:** | Caitlin Kelly Henry [ckh@caitlinkellyhenry.com] |
| **Sent:** | Wednesday, May 01, 2013 3:28 PM |
| **To:** | FOIPARequest |
| **Subject:** | FOIA/Privacy Acts Request |
| **Attachments:** | JS FOIA FBI EMAIL.pdf |


Dear FOIA Officer:
Please find a FOIA/Privacy Acts request attached.
Thank you,
Caitlin Kelly Henry

--
Caitlin Kelly Henry, Esq.
Attorney at Law, Legal Consultant
caitlinkellyhenry.com/subscribe-to-my-newsletter

Confidentiality Notice: This e-mail transmission may contain confidential and privileged
information. Unless you are the addressee (or authorized to receive messages for the
addressee), you may not use, copy or disclose to anyone the message or any information
contained in the message. If you have received this message by mistake, please advise the
sender by reply e-mail and delete this message. Nothing in this message should be
interpreted as a digital or electronic signature intended to authenticate a legal
document. Thank

1

Caitlin Kelly Henry, Esq.
Attorney At Law
P.O. Box 641050
San Francisco, CA 94164

David M. Hardy
Chief, Record/Information Dissemination Section, Records Management Division
FBI
170 Marcel Drive
Winchester, VA 22602-4843
foiparequest@ic.fbi.gov

Transmitted Via Email

April 30, 2013

Re: Freedom of Information and Privacy Acts Request

Dear FOIA Officer:

This is a request under the Freedom of Information and Privacy Acts. I hereby request the following on behalf of my client, Jesse Stout. Please search both the automated and the older general (manual) indices for all records (in any form or format, including multimedia and all types of electronic records) related in whole or in part to Jesse Stout. This includes, but should not be limited to, emails, Complaint Forms, Memorandums of Investigation, Reports of Investigation, Field Operation Worksheets, Arrest Reports, Agents' notes, arrest evaluations, and investigation.

This Jesse Stout resided in New Jersey 1984-2002, Rhode Island 2002-2009, and California 2009 to present. I request records in the date range of: July 17, 1984 to May 21, 2013.

Associated key words may include, but should not be limited to (comma indicating "or"):
- Jesse Stout, Jesse Abram Stout, Jesse A. Stout, Jessie Stout
- Alexander Muss High School in Israel, Americans for Safe Access, Board of Directors, Bradford Group, Brown University, California Corrections Crisis, California Department of Corrections and Rehabilitation, California State Assembly, Clarendon Group, Coalition for Cannabis Policy Reform, Council on Crime Prevention, Demonstration, Dorchester Publishing, Drug Policy Alliance, Drug Policy Committee, Evan Marshall Literary Agency, Legal Observer, Marijuana Policy Project, Moishe House, Multidisciplinary Association for Psychedelic Studies, National Lawyers Guild, National Organization for the Reform of Marijuana Laws, NoFly List, Occupy, Office of Legal Affairs, Public Defender, Public Safety Committee, Right to Vote Campaign, San Francisco Sheriff, San Quentin State Prison, Protest, Radical, Rhode Island Patient Advocacy Coalition, Students for Sensible Drug Policy, University of California Hastings College of the Law, Watchlist.

I also request a public interest fee waiver pursuant to 5 U.S.C. 552(a)(4)(A)(iii). I anticipate that the requested documents will be made available to the general public free of charge as public information on the Internet about surveillance of activists and advocates. This request is made in the process of news-gathering about surveillance, and not for commercial usage. The specific operations of government to which the request relates is about surveillance of people who advocate for prisoners and racial, criminal, and social justice. Publication of information about monitoring of advocates will contribute significantly to a public understanding of how to perform lawful advocacy on behalf of marginalized populations. In particular, attorneys would benefit from understanding of how traditionally legally privileged communications have been monitored. Both will significantly contribute to public understanding of government operations.

Caitlin Kelly Henry, Esq.
Attorney At Law
P.O. Box 641050
San Francisco, CA 94164

The following articles demonstrate the public interest in the subject manner, and my client's intended forum for dissemination:

- The Public Is Left in the Dark When Courts Allow Electronic Surveillance, New York Times, 7/23/2012 http://www.nytimes.com/2012/07/24/us/politics/sidebar-public-in-the-dark-about-surveillance-orders.html?_r=3&
- FBI Surveillance Of Occupy Wall Street Detailed, Huffington Post, 01/05/2013 http://www.huffingtonpost.com/2013/01/05/fbi-occupy-wall-street_n_2410783.html
- The FBI Treated Occupy Like a Terrorist Group, Atlantic Wire, 12/23/2012 http://www.theatlanticwire.com/national/2012/12/fbi-treated-occupy-terrorist-group/60289/
- Revealed: how the FBI coordinated the crackdown on Occupy, Guardian, 12/29/12 http://www.guardian.co.uk/commentisfree/2012/dec/29/fbi-coordinated-crackdown-occupy

In the event that fees cannot be waived, please grant a reduced fee request in the news media category, based on the aforementioned grounds.

I would be grateful if you would inform me of the total charges in advance of fulfilling my request. My client is willing to pay up to $50 initially. I would prefer the request filled electronically, by e-mail attachment if available, or CD-ROM if not. Likewise, if documents are not available electronically, please indicate the approximate cost of copying and shipping. As FOIA requires the release of all reasonably segregable portions of records, please release all segregable information and do not withhold an entire document if only a portion is exempt.

Because release of documents is in the public interest, but will initially be reviewed by my client and myself, I respectfully request the agency's exercise of discretion for disclosure of any documents typically exempt for release to third party. I have enclosed a release from my client.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires. Please feel free to contact me at (510) 277-2025 or ckh@caitlinkellyhenry.com.

Sincerely,

Caitlin Kelly Henry, Esq.

Enc:
    1. Privacy Waiver
    2. Proof of Identity

**U.S Department of Justice**

### Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  _Jesse Stout_

Citizenship Status [2]  _Citizen_  Social Security Number [3]  ███████

Current Address  _280 Fell Street #301, SF, CA 94102_

Date of Birth  ███████  Place of Birth  _Morristown, NJ_    FRCP 5.2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Jesse Stout_    Date  _4/30/2013_

### OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_Caitlin Kelly Henry, Esq._   ,   _PO Box 641050, SF, CA 94164_
**Print or Type Name**

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Caitlin Kelly Henry, Esq.
Attorney At Law
P.O. Box 641050
San Francisco, CA 94164

To: Whom It May Concern
Re: Privacy Waiver

I, Jesse Stout, hereby execute this Privacy Waiver. This waiver is valid through May 1st, 2015.

I authorize release of personal information to my attorney, Caitlin Kelly Henry by mail to P.O. Box 641050 San Francisco, CA 94164, or via internet to ckh@caitlinkellyhenry.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above. I understand that any falsification of this statement is punishable under law.

Name (Printed): _Jesse Stout_

Signature: _Jesse Stout_

Date: _4/30/2013_

Attorney/Recipient Name (Printed): _Caitlin Kelly Henry_

Signature: _Caitlin Henry_

Date: _7/30/13_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

CAITLIN KELLY HENRY AND
JESSE ABRAM STOUT,

    Plaintiffs,

      v.

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.

Civil Action No. 4:13-cv-05924-DMR

# Exhibit J



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

May 6, 2013

Ms. Caitlin Kelly Henry
Attorney at Law
Post Office Box 641050
San Francisco, CA 94164

FOIPA Request No.: 1207771-001
Subject: Stout, Jesse, Abram

Dear Ms. Henry:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

Based on the information you provided, we conducted a search of the Central Records System.   We were unable to identify main file records responsive to the FOIPA.   If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E)/ Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

It is unnecessary to adjudicate your fee waiver request because no responsive main file records were found.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.    Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary function of the FBI is law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white-collar crime, major thefts/violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identification record or "rap sheet" is NOT the same as an "FBI file"** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date of birth and place of birth. There is a required fee of $18 for this service which must be submitted in the form of a money order or certified bank check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section—Freedom of Information/Privacy Act (FOIPA)** searches for records and provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, or business is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from the NNCP search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal        privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

CAITLIN KELLY HENRY AND
JESSE ABRAM STOUT,

    Plaintiffs,

       v.

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.

Civil Action No. 4:13-cv-05924-DMR

# **<u>Exhibit K</u>**

*Caitlin Kelly Henry, Esq.*
*Attorney At Law*
*P.O. Box 641050*
*San Francisco, CA 94164*

Director
Office of Information Policy
U.S. Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

RECE

May 29, 2013

JUN 0 4 2013

Office of Information Policy

Re: FOIPA Appeal, No. 1207771-001

Dear Director:

This is an appeal pursuant to 5 USC § 552(a)(6). I received a letter dated May 6, 2013 from David M.
Hardy of the FBI denying in part my FOI/PA request regarding my client Jesse Stout. The letter
indicated that an appeal could be sent to you.

The letter stated that the FBI was unable to identify main file records responsive to the FOIPA. The
letter further stated this response neither confirms nor denies the existence of my subject's name on any
watch lists, under exemptions (b)(7)(E) and (j)(2).

We believe the initial search of only the Central Records System was inadequate. We are requesting
that your department perform a more thorough and adequate search in the Central Records System. We
also request that you expand your search to include both your automated indices and the older general
(manual) indices. Please also conduct a cross-reference search.

I trust that upon examination of my request, you will conclude that the records I requested are not
properly covered by the exemptions listed and that you will overrule the decision to withhold the
information. If you choose instead to continue to withhold some or all of the material which was denied
in my initial request to your agency, I ask that you give me an index of such material, together with the
justification for the denial of each item which is still withheld.

As provided in the Freedom of Information Act and Privacy Acts, I will expect to receive a reply to this
administrative appeal letter within twenty working days. If you deny this appeal and do not adequately
explain why the material withheld is properly exempt or do not reply within the time-frame provided in
the statute, I intend to initiate a lawsuit to compel its disclosure.

Sincerely,

Caitlin Henry

Caitlin Kelly Henry, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| CAITLIN KELLY HENRY AND<br>JESSE ABRAM STOUT,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 4:13-cv-05924-DMR

# **<u>Exhibit L</u>**



**U.S. Department of Justice**

Office of Information Policy

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

June 20, 2013

Caitlin K. Henry, Esq.
P.O. Box 641050
San Francisco, CA 94164

     Re: Request No. 1207771-001

Dear Mr. Henry:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on June 4, 2013.

     The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number AP-2013-03741. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. mail.

     We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at the number above. If you have submitted your appeal through this Office's online electronic appeal portal, you may also obtain an update on the status of your appeal by logging into your portal account.

     Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

CAITLIN KELLY HENRY AND
JESSE ABRAM STOUT,

  Plaintiffs,

   v.

FEDERAL BUREAU OF
INVESTIGATION,

  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 4:13-cv-05924-DMR

# **<u>Exhibit M</u>**



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**September 10, 2013**

Caitlin K. Henry, Esq.                          Re:      Appeal No. AP-2013-03741
Post Office Box 641050                                   Request No. 1207771-001
San Francisco, CA  94164                                ADW:AMJ
ckh@caitlinkellyhenry.com

**VIA:  E-mail**

Dear Ms. Henry:

      You appealed on behalf of your client, Jesse Stout, from the action of the Federal Bureau of Investigation on his request for access to records concerning himself.

      After carefully considering your appeal, I am affirming the FBI's action on your client's request.  The Freedom of Information Act provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  To the extent that your client seeks access to records that would either confirm or deny an individual's placement on any government watch list, the FBI properly refused to confirm or deny the existence of any records responsive to your client's request because the existence of such records is protected from disclosure pursuant to 5 U.S.C. § 552a(j)(2) & 5 U.S.C. § 552(b)(7)(E).  FOIA Exemption (b)(7)(E) concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.  This response should not be taken as an indication that records do or do not exist.  Rather, this is the standard response made by the FBI.

      As to any other responsive records, the FBI informed you that it could locate no main files responsive to your client's request.  I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for such records.  Additionally, I note that you contend that the FBI unreasonably limited its search to the automated indices.  To the extent that you assert that the FBI should have searched its manual indices for responsive records, please be advised that the manual indices contain records created before 1959.  Because the records that your client requested would have been created after that period, the FBI's decision to limit its search to its automated indices was reasonable.

      Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request.

- 2 -

If your client is dissatisfied with my action on your appeal, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff

By: _Anne D. Work_

Anne D. Work
Senior Counsel
Administrative Appeals Staff